UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY JOHNSON<br><br>Plaintiff,<br><br>v.<br><br>SENECA MORTGAGE SERVICING LLC.<br><br>Defendant. | CIVIL ACTION   3:16-cv-00657<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, JEFFREY JOHNSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. and Law Offices of Mueller & Haller LLC, complaining of the Defendant, SENECA MORTGAGE SERVICING LLC ("Seneca"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action as a consumer to secure redress for unlawful collection practices engaged in by Seneca. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq. ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Seneca conducts business in the Southern District of Illinois and Seneca's collection communications and practices impacted Plaintiff within the Southern District of Illinois.

## PARTIES

4. Plaintiff is natural person residing in the Southern District of Illinois.

5. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692a(3).

6. At all times relevant to this action, Seneca was engaged as collection agency headquartered in Delaware and with its principal office located at 611 Jamison Road, Suite 7312, Elma, New York 14059. Seneca's registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. At all times relevant to this complaint, Seneca was collecting on a consumer debt as defined under 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

8. On April 22, 2013, Plaintiff obtained a mortgage and Note ("subject debt") in Favor of Quicken Loans Inc. ("Quicken") in the amount of $91,259.00 secured by real property located at 102 Elm Street, Cahokia, Illinois 62206 ("subject property").

9. On August 21, 2013, Plaintiff filed a joint Chapter 7 petition along with his wife, Tasha, in the United States Bankruptcy Court, Southern District of Illinois, case number 14-31630, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

10. Plaintiff listed the subject debt as a pre-petition secured claim in the amount of $90,000.00. *See* Exhibit B, a true and correct copy of Schedule D filed with Plaintiff's Bankruptcy Petition.

11. Quicken received notice of the Chapter 7 filing through the Bankruptcy Noticing Center ("BNC"). *See* Exhibit C, a true and correct copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, Deadlines.

12. On October 17, 2014, Quicken filed a Motion for Relief from the Automatic Stay ("Motion") for the purpose of protecting its interest in the subject property. *See* Exhibit D, a true and correct copy of the Motion.

13. Also on October 17, 2014, the Honorable Laura K. Grandy entered an Order for Relief from the Automatic Stay ("Order"). *See* Exhibit E, a true and correct copy of the Order.

14. On January 8, 2015, Quicken sent Plaintiff a Notice of Assignment, Sale or Transfer of Servicing Rights ("Notice") which stated that the subject debt was to be serviced by Seneca effective January 23, 2015. *See* Exhibit F, a true and correct copy of the Notice.

15. On February 11, 2015, Plaintiff was granted a discharge of all debts included in his bankruptcy case filing and the BNC sent notice of the discharge to all scheduled creditors, including Quicken. *See* Exhibit G, a true and correct copy of the discharge order and BNC notice of discharge.

### SENECA'S POST-DISCHARGE COLLECTION ACTIVITIES

16. Following Plaintiff's successful bankruptcy discharge, Seneca began sending dunning letters demanding payment on the subject debt.

17. On June 16, 2015, Seneca sent Plaintiff a collection letter in reference to the subject debt which listed total balance due in the amount of $17,870.69 and stated:

> "You are currently late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 06/16/2015, you still owe your mortgage payment from 01/01/2014 and you are 531 days delinquent on your mortgage loan."
> *See* Exhibit H, a true and correct copy of the June 16, 2015 dunning letter Seneca sent to Plaintiff.

18. Seneca's letter was highly deceptive because not only was the subject debt no longer owed at the time the letter was sent, but also because Seneca is attempting to collect from Plaintiff a debt discharged in his bankruptcy.

19. Plaintiff was highly confused and upset by the demand for payment as he believed his bankruptcy filing prohibited such a payment demand.

20. Concerned about the violations of his rights and protections, Plaintiff sought the assistance of counsel to ensure that Seneca's collection efforts ceased.

21. Plaintiff was unduly inconvenienced and harassed by Seneca's unlawful attempt to collect the subject debt.

22. Plaintiff has expended time, incurring costs consulting with his attorneys as a result of Seneca's deceptive collection actions.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Seneca violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts of a consumer debt.

25. Seneca violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Seneca demanded payment of the subject debt by virtue of the discharge injunction.

26. Similarly, Seneca violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of the discharge injunction.

27. Seneca violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because the subject debt was no longer owed at the time Seneca demanded payment.

28. It was unfair and deceptive for Seneca to attempt to collect the subject debt from Plaintiff.

29. The underlying subject debt was scheduled in Plaintiff's bankruptcy and was accounted for in his discharge injunction. Seneca had no legal right to attempt to collect the subject debt from Plaintiff.

30. Furthermore, Seneca violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law. Plaintiff had no obligation to pay the subject debt.

31. Seneca has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

32. As pled above, Plaintiff has suffered damages as a result of Seneca's unlawful collection practices.

WHEREFORE, Plaintiff, JEFFREY JOHNSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

d. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and reallages paragraphs 1 through 22 as through fully set forth herein.

34. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

35. Seneca is engaged in commerce in the State of Illinois with regard to Plaintiff, the subject debt, and the subject property. Seneca specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

36. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the *concealment*, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

### a. Deception and Unfairness

37. Seneca violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by using fraud, deception, and misrepresentations in its attempt to collect the subject loan after Plaintiff's bankruptcy discharge

38. Seneca's demands for payment on the subject debt, which was duly scheduled and subsequently discharged in Plaintiff's bankruptcy, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time the demands for payment were made.

39. It was unfair for Seneca to mislead Plaintiff into believing the subject debt is still owed, when it was not.

40. It was unfair for Seneca to seek to collect the subject debt from the Plaintiff through misleading dunning letters.

41. It was unfair for Seneca to attempt to induce the Plaintiff into making payments on an uncollectible debt by sending the Plaintiff dunning letters.

42. Seneca intended that the Plaintiff rely on its unfair acts.

43. Seneca's demands for payment represent the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not owed at the time the demands for payment were made.

44. Seneca's demands were deceptive because they were systematically calculated to mislead Plaintiff into believing the subject debt was owed, when in fact the subject debt was discharged in Plaintiff's bankruptcy.

45. Seneca's demands for payment were systematically calculated to induce payment on a debt that is no longer owed.

46. Such deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

47. As pled above, Plaintiff has suffered damages as a result of Seneca's unlawful collection practices.

48. An award of punitive damages is appropriate because Seneca's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and the Plaintiff had no choice but to submit to the continued letters.

WHEREFORE, Plaintiff JEFFREY JOHNSON requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Seneca;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff her punitive damages in an amount to be determined at trial;

d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

Dated: May 20, 2016                     Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC#62846597
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188